GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 South Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 222-4142
Facsimile: (702) 362-2203
Email: gschnitzer@ksjattorneys.com
*Attorney for Defendant*
*LexisNexis Risk Solutions Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Stella K. Giuliano, | Case No. 2:20-cv-00100-APG-EJY |
| Plaintiff, | **DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| LexisNexis Risk Solutions Inc., | |
| Defendant. | |

Defendant, LexisNexis Risk Solutions Inc. ("LNRS"), by counsel, submits the following Answer to Plaintiff's Complaint. LNRS denies all allegations in Plaintiff's Complaint that it does not explicitly admit. LNRS responds to the specific numbered paragraphs in the Complaint as follows:

**INTRODUCTION**

1. No answer is necessary to paragraph 1 of Plaintiff's Complaint because it only contains legal conclusions. To the extent the allegations in paragraph 1 are contrary to law, they are denied.

2. No answer is necessary to paragraph 2 of Plaintiff's Complaint because it only contains legal conclusions. To the extent the allegations in paragraph 2 are contrary to law, they are denied.

3. LNRS admits that Plaintiff purports to bring this action against LNRS for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). LNRS denies any allegation of wrongdoing and further denies the remaining allegations in paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4. No answer is necessary to paragraph 4 of Plaintiff's Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 4 are contrary to law, they are denied.

5. No answer is necessary to paragraph 5 of Plaintiff's Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 5 are contrary to law, they are denied.

## PARTIES

6. LNRS denies the allegations in paragraph 6 of Plaintiff's Complaint for lack of knowledge sufficient to form a belief regarding the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 6 of Plaintiff's Complaint because they only contain legal conclusions. To the extent that the remaining allegations in paragraph 6 are contrary to law, they are denied.

7. No answer is necessary to the allegations in paragraph 7 of Plaintiff's Complaint because they only contain legal conclusions. To the extent that the allegations in paragraph 7 are contrary to law, they are denied.

8. LNRS admits that Plaintiff purports to define Defendant's names to include "all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant." LNRS denies that Plaintiff's definition is proper and otherwise denies the remaining allegations in paragraph 8 of Plaintiff's Complaint.

## ALLEGED FACTS

9. The allegations in paragraph 9 of Plaintiff's Complaint refer to a document, which speaks for itself. To the extent that the allegations in paragraph 9 vary from the text of that document, they are denied. LNRS denies the remaining allegations in paragraph 9 of Plaintiff's Complaint.

10. The allegations in paragraph 10 of Plaintiff's Complaint refer to a document, which speaks for itself. To the extent that the allegations in paragraph 10 vary from the text of that document, they are denied. LNRS denies the remaining allegations in paragraph 10 of Plaintiff's Complaint.

11. No answer is necessary to paragraph 11 of Plaintiff's Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 11 are contrary to law, they are denied.

12. No answer is necessary to paragraph 12 of Plaintiff's Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 12 are contrary to law, they are denied.

13. The allegations in paragraph 13 of Plaintiff's Complaint refer to a document, which speaks for itself. To the extent the allegations in paragraph 13 vary from the text of that document, they are denied. LNRS denies the remaining allegations in paragraph 13 of Plaintiff's Complaint.

14. LNRS denies the allegations in paragraph 14 of Plaintiff's Complaint.

15. The allegations in paragraph 15 of Plaintiff's Complaint refer to a document, which speaks for itself. To the extent the allegations in paragraph 15 vary from the text of that document, they are denied. LNRS denies the remaining allegations in paragraph 15 of Plaintiff's Complaint.

16. LNRS denies the allegations in paragraph 16 of Plaintiff's Complaint.

17. The allegations in paragraph 17 of Plaintiff's Complaint refer to a document, which speaks for itself. To the extent the allegations in paragraph 17 vary from the text of that document, they are denied. LNRS denies the remaining allegations in paragraph 17 of Plaintiff's Complaint.

18. LNRS denies the allegations in paragraph 18 of Plaintiff's Complaint.

19. LNRS denies the allegations in paragraph 19 of Plaintiff's Complaint.

20. LNRS denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. LNRS denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. LNRS denies the allegations in paragraph 22 of Plaintiff's Complaint.

**FIRST CLAIM**
**ALLEGED VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

23. LNRS incorporates its responses and denials to paragraph 1 through 22 of Plaintiff's Complaint as if fully restated.

24. LNRS denies the allegations in paragraph 24 of Plaintiff's Complaint.

25. LNRS denies the allegations in paragraph 25 of Plaintiff's Complaint.

26. LNRS denies the allegations in paragraph 26 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

LNRS denies that Plaintiff is entitled to any of the relief requested by Plaintiff in his Prayer for Relief following paragraph 26 of Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF**

LNRS denies the allegations in Plaintiff's first claim for relief and further denies that Plaintiff is entitled to any of the requested relief.

**JURY TRIAL DEMANDED**

27. LNRS admits that Plaintiff purports to demand a trial by jury. LNRS denies the remaining allegations in paragraph 27 of Plaintiff's Complaint.

LNRS denies all the remaining allegations in Plaintiff's Complaint to the extent not expressly admitted above, and otherwise denies that it is liable to Plaintiff for any of the requests for relief set forth in Plaintiff's Complaint.

**ADDITIONAL DEFENSES**

Without admitting any of the allegations in Plaintiff's Complaint, and without admitting or acknowledging that LNRS bears the burden of proof as to any of them, LNRS asserts the following additional defenses. LNRS intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to assert all such

defenses, including but not limited to those listed in Federal Rule of Civil Procedure 8(c).

**FIRST ADDITIONAL DEFENSE**

Plaintiff's Complaint fails to the extent that it does not state a claim upon which the Court may grant relief.

**SECOND ADDITIONAL DEFENSE**

Plaintiff's Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to recover under the FCRA.

**THIRD ADDITIONAL DEFENSE**

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against LNRS, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. LNRS is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

**FOURTH ADDITIONAL DEFENSE**

Plaintiff's alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by LNRS, and those third parties were the sole cause of any such damages.

**FIFTH ADDITIONAL DEFENSE**

Plaintiff's alleged damages, if any, are not compensable to the extent they are speculative or uncertain.

**SIXTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

**SEVENTH ADDITIONAL DEFENSE**

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions, which were the sole cause of any such damages.

**EIGHTH ADDITIONAL DEFENSE**

Plaintiff's Complaint fails to allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

**NINTH ADDITIONAL DEFENSE**

Plaintiff failed to take reasonable steps to prevent damages, if any, and failed to mitigate any such alleged damages.

### **TENTH ADDITIONAL DEFENSE**

LNRS reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, LNRS requests this Court to enter a judgment:

1. denying Plaintiff any and all relief in this case;
2. dismissing Plaintiff's claim in its entirety;
3. dismissing this case with prejudice;
4. awarding LNRS its costs and attorneys' fees incurred in this case; and
5. granting LNRS all other remedies that the Court deems just and proper.

Dated:  March 12, 2020                             **KRAVITZ, SCHNITZER & JOHNSON, CHTD.**

/s/ *Gary E. Schnitzer*
Gary E. Schnitzer, Esq.
Nevada Bar No. 395
KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 South Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone:  (702) 222-4142
Facsimile:  (702) 362-2203
Email:  gschnitzer@ksjattorneys.com
*Attorney for Defendant,*
*LexisNexis Risk Solutions Inc.*

**CERTIFICATE OF CM/ECF SERVICE**

  I hereby certify that on the 12th day of March, 2020, a true and correct copy of the foregoing ***DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S ANSWER TO PLAINTIFF'S COMPLAINT*** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's CM/ECF filing system, and parties may access this filing through the Court's CM/ECF system.

                */s/ Chris Drelich*
                Chris Drelich
                An Employee of
                KRAVITZ, SCHNITZER & JOHNSON, CHTD.